IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JULIAN GARCON,<br><br>    Petitioner,<br><br>v.<br><br>LINDA GETER,<br><br>    Respondent. | CIVIL ACTION NO.: 2:21-cv-39 |

### REPORT AND RECOMMENDATION

Petitioner Julian Garcon ("Garcon"), who was formerly incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus.[1]  Doc. 1.  Respondent filed a Motion to Dismiss, and Garcon filed a Response.  Docs. 6, 8.  Respondent filed a Reply.  Doc. 9.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Garcon's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Garcon leave to appeal *in forma pauperis*.

### BACKGROUND

Garcon was convicted in the Southern District of Florida, after entry of a guilty plea, of attempted possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and was sentenced to a 36-month term of imprisonment.  Doc. 1 at 2; Doc. 6 at 1.  He was released from custody on November 26, 2021, via good conduct time release.  Doc. 6 at 1; https://www.bop.gov/inmateloc/, search for "Julian Garcon" (last visited

---

[1]     Garcon now resides at a Salvation Army Residential Reentry Center in Florida.  Doc. 6 at 1.

Jan. 20, 2022). Garcon seeks relief based on certain provisions of the First Step Act of 2018. Doc. 1.

## DISCUSSION

In his Petition, Garcon asserts he should have been awarded time credits on a monthly basis, beginning in January 2020, under the First Step Act of 2018 ("FSA"). Doc. 1 at 3. Garcon contends he participated in a trade while he was housed at McRae Correctional Institution and participated in certain programs and worked as a compound orderly at the Jesup facility. In addition, Garcon states he had been declared a minimum risk recidivist and his crime made him eligible to receive 15 days of time credits for every 30 days he participated in programming and productive activities and should have been awarded 225 days against his sentence as a result. Id. at 3, 4, 5.

Respondent contends Garcon's claim is premature and not cognizable under § 2241. Doc. 6 at 3, 6. Respondent additionally contends Garcon fails to state a viable claim for relief and this Court lacks jurisdiction to review his claims. Id. at 6–14.

**I.     Garcon's Claim Is Premature**

Respondent contends the earned credit time portion of the FSA is within the Bureau of Prisons' ("BOP") discretion. Doc. 6 at 5. Respondent asserts the BOP is not obligated to offer any programs until two years after the BOP completes a risk and needs assessment for each prisoner. Id. (quoting 18 U.S.C. § 3621(h)(2)(A)). Respondent avers this assessment deadline was January 15, 2020, which makes the deadline for the BOP to provide these programs and, thus, allowing prisoners potentially to obtain credit, January 15, 2022. Id. at 5–6. Thus, Respondent avers Garcon's claim is premature and not yet ripe for review. Id. at 6.

2

In response, Garcon states this Court should follow the decision in Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25, 2020), as the court there found January 15, 2020, is the time to commence the "good time rule." Doc. 8 at 2. Garcon also stated it would make no sense to apply the January 15, 2022 date to him, as he will only have the supervised release portion of his sentence remaining at that time. Id.

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). "The [ripeness] doctrine seeks to avoid entangling courts in the hazards of premature adjudication." Shorter v. Warden, 803 F. App'x 332, 335 (11th Cir. 2020) (internal citation omitted) (alteration in original).

On December 21, 2018, the First Step Act was signed into law. Among other things, the First Step Act provides, "Not later than 210 days after the date of enactment of this subchapter, the Attorney General, in consultation with the Independent Review Committee authorized by the First Step Act of 2018, was to develop and release publicly on the Department of Justice website a risk and needs assessment system." 18 U.S.C. § 3632. The Attorney General met that deadline by publicly releasing a risk and needs assessment system on July 19, 2019. See First Step Act of 2018 Risk & Needs Assessment System (called the Prisoner Assessment Tool Targeting Estimated Risk and Needs or the "PATTERN"). Additionally, pursuant to the First Step Act, the BOP had 180 days after the Attorney General completed and released the system to implement

3

and complete the initial needs assessment for each prisoner.  See Bowling v. Hudgins, Civil No. 5:19CV285, 2020 WL 1918248, at *4 (N.D. W. Va. Mar. 16, 2020), *report and recommendation adopted*, 2020 WL 1917490 (N.D. Va. Apr. 20, 2020) (finding petition to be premature because the BOP had "180 days, or until January 15, 2020 to implement the system, complete inmate assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs").  Thus, the deadline was January 15, 2020.

Additionally and as relevant here, the First Step Act gives the BOP two years after it completes the risk and needs assessment for each prisoner to "phase in" the program implementation.  18 U.S.C. § 3261(h); Allen v. Hendrix, 2:19-CV-00107, 2019 WL 8017868, at *2–3 (E.D. Ark. Dec. 13, 2019), *report and recommendation adopted*, 2020 WL 890396 (E.D. Ark. Feb. 24, 2020) (finding petition premature because the BOP has "until January 15, 2020, to implement the system, complete inmate risk assessments, and then begin to assign prisoners to appropriate evidence-based recidivism reduction programs").  This two-year phase-in date did not expire until January 15, 2022.  Doc. 6 at 2; see also Kennedy v. Yates, 2:21-cv-32, 2021 WL 3710665, at *2 (E.D. Ark. July 12, 2021) ("A majority of court have concluded [§ 3621(h)(4)] 'makes implementation of the FSA earned time credits permissible during the two year phase-in period, not mandatory.'" (quoting Holt v. Warden, 4:20-CV-4064, 2021 WL 1925503, at *5 (D.S.D. May 13, 2021) (collecting cases))).

Because the First Step Act does not require actual implementation for each inmate until January 15, 2022, Garcon is not entitled to an order from this Court compelling the BOP to recalculate his time credits.  His petition is premature, and his claim is not yet ripe.  Allen, 2019 WL 8017868 at *3.  Further, there is nothing before the Court indicating the programs and activities in which Garcon asserts he has participated would entitle him to his sought after

4

credits.  18 U.S.C. §§ 3632(d)(4)(B), 3635(3).[2]  Therefore, to provide Garcon with "the relief he requests would result in an 'unwarranted federal court inter[ ]ference with the administration of prisons.'"  Herring v. Joseph, No. 4:20CV249, 2020 WL 3671375, at *3–4 (N.D. Fla. June 22, 2020) (quoting Woodford v. Ngo, 548 U.S. 81, 93 (2006)), *report and recommendation adopted in part, rejected in part on other grounds*, 2020 WL 3642706 (N.D. Fla. July 6, 2020).  Once the changes have been fully implemented, it would be for the BOP first to determine whether to award Garcon time credit, not this Court.[3]  United States v. Chandler, 1:15-cr-10084, 2020 WL 806370, at *1 (W.D. Tenn. Feb. 18, 2020).

In Goodman, the court recognized § 3621 "does not explicitly provide a date when the BOP *must* apply a prisoner's earned credits from participation in recidivism reduction programs," but found the BOP "must gradually implement" the programs and attendant rewards under the phase-in language within the meaning of the statute.  2020 WL 5015613, at *6 (emphasis in original).  This Court finds the Goodman court's interpretation of the language of the FSA relating to when the BOP is to implement the programs and resultant rewards at odds with the permissive language in this statute and declines to adopt that court's reasoning.  See Fleming v Joseph, Case No. 3:20cv5990, 2021 WL 1669361, at *5 (N.D. Fla. Apr. 7, 2021) (disagreeing with Goodman court the FSA requires immediate implementation, even to those prisoners with imminent release dates, and quoting Kennedy-Robey v. FCI Perkin, No. 20-cv-1371, 2021 WL 797516 (C.D. Ill. Mar. 2, 2021) (same)).

---

[2]     Under § 3635(3), a prison job *may* be included in the definition of "evident-based recidivism reduction program."  However, this language is permissive, and the BOP has not made this decision yet, nor is it required to do so until January 2022.

[3]     Garcon's Petition was premature when he filed it.  Now that he has been released from custody, his Petition is still premature, as Garcon would need to request the BOP award him any time credit to which he may be entitled.

For these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Garcon's Petition. It is unnecessary to address the remaining grounds Respondent advances. See Shorter, 803 F. App'x at 335.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Garcon leave to appeal *in forma pauperis*. Though Garcon has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Garcon's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Garcon *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion and **DENY** Garcon's Petition.  I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Garcon leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by

7

or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 20th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA